UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-59 |
| | ) | (VARLAN/SHIRLEY) |
| DEMOND DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on November 3, 2008, for a hearing on the defense counsel's Motion to Withdraw as Counsel [Doc. 15], which was referred [Doc. 16] to the undersigned on October 24, 2008. See 28 U.S.C. § 636(b). Assistant United States Attorney David P. Lewen represented the government. The defendant's appointed counsel, Attorney Jonathan A. Moffatt appeared on behalf of the defendant, who was also present.

In the motion, Attorney Moffatt seeks to withdraw from his representation of the defendant because the defendant has informed him that he does not trust him and that he wishes to be appointed new counsel. At the hearing, Mr. Moffatt explained that the defendant initially decided not to file a suppression motion and to enter a guilty plea. Upon subsequent advice from family and friends, the defendant now believes that he should have filed the suppression motion and feels that he was misled by Mr. Moffatt with regard to his advice on the decision to file a suppression motion. The government stated that although it could not speak to the issue of the defendant's trust in his attorney, it believed that he had received the adequate representation that the Constitution affords him. The Court questioned the defendant, who agreed that he no longer trusted his attorney and that they had problems communicating.. He also agreed that his relationship with his counsel could not

be repaired and would not improve with time.

Based upon the defendant's statements and Mr. Moffatt's explanation at the hearing, the Court finds that the trust necessary for an adequate defense no longer exists in the attorney-client relationship and that the situation is unlikely to improve. Accordingly, the Court finds that good cause exists to grant defense counsel's Motion to Withdraw as Counsel [**Doc. 15**], the same is **GRANTED**, and Mr. Moffatt is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Attorney Brian Hunt was present in the courtroom and agreed to accept representation of the defendant. The Court **SUBSTITUTES and APPOINTS** Mr. Hunt under the Civil Justice Act (CJA) as counsel of record for the defendant.

The defendant is presently scheduled for a sentencing hearing before Judge Varlan on November 10, 2008, at 2:30 p.m. Because Mr. Hunt has just entered the case, the Court deems that he needs time to familiarize himself with the case and consult with the defendant. Accordingly, the **November 10, 2008 hearing at 2:30 p.m.** will be a status conference, rather than a sentencing hearing, before Judge Varlan to discuss how the case will proceed and to set any additional hearings. The defendant needs to be present at this hearing.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

2