UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-59 |
| | ) | (VARLAN/SHIRLEY) |
| DEMOND DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal matter is presently before the Court on Defendant Demond Davis' ("Defendant Davis") Motion to Withdraw Guilty Plea. [Doc. 20.] The Government has responded in opposition to Defendant Davis' motion. [Doc. 23.] The Court held a hearing on this motion on August 7, 2009, during which the parties presented oral argument, testimony from witnesses, and other evidence. At the conclusion of the hearing, the Court stated that it would take the motion under advisement. After careful consideration of the motion, responsive documents, testimony, exhibits, oral arguments of the parties, and the relevant law, Defendant Davis' Motion to Withdraw Guilty Plea [Doc. 20] will be denied.

**I.  BACKGROUND**

On May 6, 2008, the grand jury returned a one-count indictment [Doc. 1] against Defendant Davis, charging him with being a felon in possession of a firearm. On May 27, 2008, there was an initial appearance and arraignment, and Jonathan Moffatt ("Mr. Moffatt")

of the Federal Defender Services of Eastern Tennessee was appointed to represent Defendant Davis. [Docs. 2, 3.]

On May 27, 2008, the scheduling order [Doc. 5] in this case established a number of pertinent deadlines, including a trial date of August 4, 2008. The scheduling order also stated that "[a]ll motions shall be filed in this case no later than June 24, 2008." [Doc. 5 at 4.] No motions were filed by this deadline, and a pretrial order was entered on June 30, 2008. [Doc. 11.] The pretrial order stated that "[n]o more motions, other than motions in limine, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed." [Doc. 11 at 2.]

On August 4, 2008, Defendant Davis pleaded guilty to Count One of the Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 12.] His plea was made pursuant to a plea agreement with the Government. [Doc. 13.] By signing the plea agreement, defendant agreed to the following factual basis:

> a) On February 24, 2008, the Defendant was stopped by officers with the Knoxville Police Department. The Defendant is a convicted felon. He has prior felony convictions (crimes punishable by terms of imprisonment exceeding one year), including two felony drug convictions out of Knox County, Tennessee Criminal Court in February 1999 and December 1999.
>
> b) Upon searching Defendant's vehicle officers found a loaded Intratec model AB10 9mm semi-automatic pistol under the driver's seat where Defendant had been seated prior to the stop.
>
> c) The Intratec model AB10 9mm semi-automatic pistol possessed by Defendant had a fifty (50) round magazine which contained forty-six (46) live rounds of ammunition and one live round of ammunition in the chamber.

2

d) The Intratec model AB10 9mm semi-automatic pistol was manufactured outside the state of Tennessee.

e) The Defendant shall be held accountable for possessing only the Intratec AB10 9mm semi-automatic pistol.

[Doc. 13 at 2-3.]

Before accepting the guilty plea, the Court engaged in a colloquy with Defendant Davis in accordance with Federal Rule of Criminal Procedure 11 in an attempt to ensure that he was knowingly and voluntarily pleading guilty. When asked if he agreed with the Government's summary of what he did, Defendant Davis stated, "Yes, sir." [Doc. 22 at 10.] Defendant Davis also agreed that he was satisfied with the advice of his counsel, Mr. Moffatt; that he was offering to plead guilty because he was in fact guilty; that he understood that his sentence would be determined in conformity with the Sentencing Guidelines; and that he would not be permitted to withdraw his plea on the basis of the sentence he might receive. [Doc. 22 at 5, 11, 12, 13.] Based upon Defendant Davis' given responses at the change of plea hearing, the Court found that Defendant Davis was pleading guilty knowingly and voluntarily. [Doc. 22 at 14.] The Court then adjudged him guilty of violating 18 U.S.C. § 922(g)(1) and set a sentencing hearing for November 10, 2008.

On October 6, 2008, the presentence investigation report ("PSR") was disclosed to the parties. Then, on October 24, 2008, Mr. Moffatt filed a motion to withdraw as counsel [Doc. 15], which was granted, and Brian Hunt ("Mr. Hunt") was appointed to represent Defendant Davis. [Docs. 17, 18.] On November 18, 2008, A. Philip Lomanco ("Mr. Lomanco") filed a notice of appearance on behalf of Defendant Davis. [Doc. 19.] The pending motion to

3

withdraw guilty plea was then filed by Mr. Lomanaco on November 24, 2008. Mr. Hunt subsequently moved to withdraw from the case, which was granted. [Docs. 26, 28.]

## II. ANALYSIS

### A. Standard for Withdrawal of Guilty Plea under Federal Rule of Criminal Procedure 11(d)(2)(B)

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted). Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, for any reason or no reason; or
>
> (2) after the court accepts the plea, but before it imposes sentence if:
>
> > (A) the court rejects a plea agreement under Rule 11(c)(5); or
> >
> > (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

In this case, the Court has already accepted Defendant Davis' guilty plea, and the Court has not rejected the plea agreement under the Rule 11(c)(5) agreement; therefore, Defendant Davis must show a "fair and just reason" in order to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). This rule is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow

4

a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992) (citation omitted).

Defendant Davis carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the discretion of the Court. *Id.* at 1003 (citation omitted). In *United States v. Bashara*, the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has prior criminal experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. 27 F.3d 1174, 1181 (6th Cir. 1994), *cert. denied*, 514 U.S. 1033 (1995), *superseded by statute on other grounds*, U.S.S.G. § 3B1.1; *see also Ellis*, 470 F.3d at 281 (citing and applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*). The first six factors are used to determine whether defendant has presented a fair and just reason for withdrawal and the Court balances that with the last factor–any prejudice to the government. *Alexander*, 948 F.2d at 1004. Although the *Bashara* and *Alexander* courts were operating under the then

5

controlling Federal Rule of Criminal Procedure 32(e),[1] the same factors and rationale are still applicable to the analysis of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See, e.g.*, *Ellis*, 470 F.3d 275, 281; *Valdez*, 362 F.3d at 912.

### B. Application of the *Bashara* Factors to Defendant's Motion

The Court will analyze each of the factors set forth in *Bashara* to determine whether Defendant Davis has demonstrated a fair and just reason for withdrawal of his guilty plea as required by Federal Rule of Criminal Procedure 11(d)(2)(B) and whether withdrawal is warranted after balancing any fair and just reason and any prejudice to the Government.

#### 1. The amount of time that elapsed between the plea and the motion to withdraw it

The first factor is the amount of time that elapsed between the plea and the motion to withdraw it. Defendant Davis pleaded guilty on August 4, 2008, and filed his motion to withdraw his guilty plea on November 24, 2008, which is approximately 112 days after the entry of his guilty plea. The Sixth Circuit has denied motions to withdraw guilty pleas on the basis of delays far shorter than the delay at issue. *See, e.g.*, *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (involving a 77-day delay); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996), *cert. denied*, 519 U.S. 973 (1996) (involving a 67-day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (involving a 55-day delay);

---

[1]The rule for withdrawal of a guilty plea was formerly codified as Federal Rule of Criminal Procedure 32(e), which provided that a district court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed. R. Crim. P. 32(e) (West 2001). This rule applied regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001), *cert. denied*, 535 U.S. 1058 (2002).

6

*United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (involving an approximately 35-day delay). Specifically, the Sixth Circuit has held that an "unjustified 75-day delay, alone, supported the court's denial of a motion to withdraw." *Valdez,* 362 F.3d at 912. Therefore, this factor weighs against withdrawal.

### 2. The presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceedings

The next factor for the Court to consider is whether any delay in Defendant Davis' filing of a motion to withdraw his guilty plea is justified. Despite the delay in filing his motion to withdraw, Defendant Davis argues in his brief that he sought to withdraw his plea as soon as he learned about fingerprint evidence possessed by the Government from the PSR. [*See* Doc. 21 at 2.] However, the Government noted in its response brief that there was no "exculpatory fingerprint" report in this case and that Defendant Davis did not plead to possessing the firearm associated with the alleged fingerprint evidence, so the "fingerprint evidence" is irrelevant to Defendant Davis' motion to withdraw his plea. Notably, Defendant Davis filed no written response refuting the Government's argument as to the fingerprint evidence as well as made no reference to the fingerprint evidence at oral argument. The Court agrees with the Government that this argument fails to provide a reason for failing to move for withdrawal earlier since Defendant Davis did not plead guilty to possessing the firearm associated with the fingerprint evidence.

Defendant Davis has also argued that he delayed withdrawing his plea because Mr. Moffatt had not informed him that the 911 call, which resulted in the police stopping

7

Defendant Davis, described a blue, 1997 Lincoln Town Car even though Defendant Davis' vehicle is an early 1980's Oldsmobile Cutlass. He alleges that he only learned of the discrepancy due to the efforts of his girlfriend in October of 2008. He argues that had Mr. Moffatt told him about this information, he would have filed a suppression motion and not pleaded guilty.

However, the Sixth Circuit has noted that "[w]e find no published precedent for the proposition that a motion to withdraw a guilty plea entered 75 days earlier can be supported, absent an assertion of actual innocence, by the claim that a motion to suppress should have been filed." *United States v. Sanders*, 125 F. App'x 685, 687 (6th Cir. 2005). As more thoroughly discussed below, Defendant Davis has not maintained his innocence in this matter and has not identified to the Court authority showing a claim that a motion to suppress should have been filed provides a valid reason for failing to withdraw a plea earlier. As a result, the Court finds that this factor also weighs against withdrawal.

### 3. Whether the defendant has asserted or maintained his innocence

The third factor is whether Defendant Davis has asserted or maintained his innocence. Courts have taken into account the absence of a defendant's vigorous and repeated protestations of innocence. *Alexander*, 948 F.2d at 1004 (citing *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977)).

At the change of plea hearing, the Court asked Defendant Davis "[a]s to count one of the indictment charging you with a violation of 18 U.S.C. § 922(g)(1), how do you wish to plead?" [Doc. 22 at 11], to which he responded, "Guilty, sir." [Doc. 22 at 11.] After the

8

Government provided a factual basis for the charge against him, Defendant Davis expressed his agreement with the Government's summary of what he did. [Doc. 22 at 10.] The Sixth Circuit has found no error when a district court concluded that a defendant failed to maintain his innocence when he admitted "that he did engage in the conduct that was set forth in the government's plea colloquy." *United States v. Lineback*, 330 F.3d 441, 444 (6th Cir. 2003). Thus, Defendant Davis' responses at the change of plea hearing support a conclusion that he failed to maintain his innocence.

Despite his failure to assert his actual innocence, Defendant Davis' counsel contended at oral argument that he has maintained his innocence because he seeks to assert his right to file a suppression motion. However, as discussed above, the Sixth Circuit has previously distinguished between an "assertion of actual innocence" and a "claim that a motion to suppress should have been filed." *Sanders*, 125 F. App'x at 687. In *Sanders*, the Sixth Circuit concluded that the latter was insufficient to support a withdrawal. Though *Sanders* is an unpublished decision, Defendant Davis has not identified to the Court any Sixth Circuit precedent to the contrary. In light of all of this, the Court finds that this factor also weighs against Defendant Davis' withdrawal request.

### 4. The circumstances underlying the entry of the guilty plea

The circumstances underlying the entry of the guilty plea comprise the next factor which the Court must consider. Defendant Davis argues that he should be permitted to withdraw his guilty plea because Mr. Moffatt did not tell him about the 911 caller's vehicle description, which resulted in him not filing a suppression motion that he would have filed

9

otherwise. In other words, Defendant Davis has contended that his guilty plea was the result of ineffective assistance of counsel by Mr. Moffatt.

In *Strickland v. Washington*, the Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. First, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. 668, 687-88 (1984). Second, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. This two-part standard is applicable to ineffective-assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The Court notes that "there is a 'strong presumption' that counsel's performance was professionally reasonable." *Durr v. Mitchell*, 487 F.3d 423, 435 (6th Cir. 2007).

After careful consideration of the evidence and testimony presented at the hearing, Defendant Davis has failed to overcome the strong presumption that Mr. Moffatt's performance was professionally reasonable. The Court heard the testimony of Defendant Davis and Mr. Moffatt. Defendant Davis testified that Mr. Moffatt discussed the video of the police stop with him when they met. Mr. Moffatt was able to recall reviewing the video of the police stop, discussing the stop with Defendant Davis, and researching the issue in light of Defendant Davis' conduct on the video. He testified about how, in his view, the general description of the car in the 911 call very generally matched that of Defendant Davis's car. Mr. Moffatt testified about his research on the legality of the stop in this case

10

and the unlikelihood of success of a suppression motion based on his research of the issue. The evidence shows that Mr. Moffatt discussed the issues with Defendant Davis, considered challenging the stop in this case, performed research, and concluded such a challenge likely would not succeed. There was no evidence presented at the motion hearing contradicting Mr. Moffatt's testimony about these actions related to the suppression issues.

Furthermore, Defendant Davis affirmed at the change of plea hearing that Mr. Moffatt advised him as to the nature and meaning of the charges against him, advised him as to each and every element of the offense charged that the Government must prove beyond a reasonable doubt, advised him as to the meaning of any and all words in the offense charged that he may not have understood, and advised him as to any defense he may have had. [Doc. 22 at 4-5.] Such evidence further shows that Mr. Moffatt thoroughly advised Defendant Davis prior to his guilty plea.

In light of all of this, the Court finds that Defendant Davis has not met his burden of establishing the first prong of the *Strickland* test, namely that Mr. Moffatt's performance fell below an objective standard of reasonableness. The record before the Court shows that Mr. Moffatt researched the suppression issue, discussed the issues with Defendant Davis, and weighed the likely merits of such a motion in light of other considerations. Though he may now disagree with Mr. Moffatt's strategy, Defendant Davis has essentially asked the Court to "second guess" the strategic decisions of Mr. Moffatt, which the Sixth Circuit has instructed courts to avoid. *Lundgren v. Mitchell*, 440 F.3d 754, 770 (6th Cir. 2006) ("In assessing deficient performance, reviewing courts must take care to avoid 'second-guessing'

11

Case 3:08-cr-00059-TAV-CCS   Document 31   Filed 09/03/09   Page 11 of 16   PageID #: 102

strategic decisions that failed to bear fruit."). Because Defendant Davis has failed to establish the first prong, the Court need not reach the second prong of the *Strickland* test regarding prejudice. Accordingly, the Court finds that the circumstances underlying the entry of the guilty plea in this case do not weigh in favor of withdrawal.

### 5. The defendant's nature and background

The next factor for the Court to consider is nature and background of a defendant. A defendant's intelligence, sophistication, and understanding of the plea are relevant to the Court's analysis of this factor. *See Ellis*, 470 F.3d at 285 (finding that this factor supported denial of defendant's motion to withdraw plea because defendant was highly educated and sophisticated and understood what he was doing when he enter his plea); *see also United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007).

Defendant Davis contends that this factor weighs in his favor because he appears to be unsophisticated and only has an 8th grade education. However, at the change of plea hearing, Defendant Davis stated that his farthest education was 10th grade and that he had no difficulties with reading, writing, or looking at documents. [Doc. 22 at 3.] Even though Defendant Davis has a somewhat limited education, he agreed at the change of plea hearing that Mr. Moffatt had advised him as to the nature and meaning of the charges against him, advised him as to each and every element of the offense charged that the Government must prove beyond a reasonable doubt, advised him as to the meaning of any and all words in the offense charged that he may not have understood, and advised him as to any defense he may have. [Doc. 22 at 4-5.] Defendant Davis also responded, "Yes, sir," when the Court asked

12

whether he had "an opportunity to review [the plea agreement] and go over it with your attorney and ask your attorney questions about it" prior to signing it. [Doc. 22 at 8.] These answers indicate that Defendant Davis was given opportunities to ask questions and was provided with further explanation about the plea process by Mr. Moffatt, as requested and needed. Additionally, Defendant Davis has prior state court criminal convictions to which he pleaded guilty, which shows sophistication to the extent he has some knowledge of the criminal justice system and the process of pleading guilty. In light of all of this, Defendant Davis has failed to show that he did not understand the plea or lacked sufficient intelligence or sophistication to enter his plea. Accordingly, this factor also weighs against withdrawal of the plea.

### 6. The degree to which the defendant has prior experience with the criminal justice system

The Court must next consider Defendant Davis' prior experience with the criminal justice system. Despite having been previously convicted in state court, Defendant Davis contends that this factor weighs in his favor due to his inexperience with the federal criminal justice system. For this factor, the Court should determine under this factor whether a defendant is "a novice" to or "familiar with" the criminal justice system. *Spencer*, 836 F.2d at 240 (quoting *United States v. Kirkland*, 578 F.2d 170, 171-72 (6th Cir. 1978)). In *United States v. Dixon* and *United States v. Durham*, the Sixth Circuit found that each defendant's one prior state conviction constituted enough experience with the criminal justice system to weigh against withdrawal. *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007);

13

*Durham*, 178 F.3d at 799. In light of the Sixth Circuit's recognition that state court convictions are sufficient for this factor, the Court is unpersuaded by Defendant Davis' argument that this factor weighs in his favor because his past criminal experiences were limited to the state criminal justice system.

The United States Probation Office reports that Defendant Davis has several juvenile adjudications and adult criminal convictions. Among the adult criminal convictions, Defendant Davis pleaded guilty to (1) the sale of less than one-half gram of cocaine on October 8, 1998; (2) possession of more than .5 grams of cocaine on December 6, 1999; and (3) misdemeanor evading arrest, driving on suspended license, and reckless driving on January 27, 1999. Thus, Defendant Davis has experience with the criminal justice system and, in particular, with pleading guilty. Thus, the Court finds that Defendant Davis is familiar with the criminal justice system, and this factor weighs against withdrawal of his plea.

### 7. Potential prejudice to the Government if the motion to withdraw is granted

The final *Bashara* factor is the potential prejudice to the Government if the motion to withdraw is granted. The Court need not consider this factor unless a defendant establishes a fair and just reason for vacating the plea. *Alexander*, 948 F.2d at 1004. In determining whether defendant has presented a fair and just reason for withdrawal of his plea, as discussed above, the Court has determined that the first six *Bashara* factors weigh against withdrawal. Accordingly, the Court finds that Defendant Davis has not presented a

14

fair and just reason for vacating the plea under the *Bashara* factors. Thus, the Court need not address the prejudice to the Government factor.

### C. "Fair and Just Reason for Requesting the Withdrawal"

Defendant Davis has also argued that despite the *Bashara* factors, Mr. Moffatt's failure to file a suppression motion constitutes a "fair and just reason for requesting the withdrawal" under Fed. R. Crim. P. 11(d)(2)(B). However, as previously noted by the Court, the Sixth Circuit has noted that "[w]e find no published precedent for the proposition that a motion to withdraw a guilty plea entered 75 days earlier can be supported, absent an assertion of actual innocence, by the claim that a motion to suppress should have been filed." *Sanders*, 125 F. App'x at 687. The Sixth Circuit further observed that "[m]oreover, numerous unpublished decisions state the contrary." *Id.* (citing *United States v. Jones*, 74 F. App'x 664, 665 (7th Cir. 2003); *United States v. Quijada*, 40 F. App'x 344, 345 (8th Cir. 2002) (per curiam); *United States v. Marholz*, No. 95-50366, 1996 WL 285704, at *1 (9th Cir. May 29, 1996); *United States v. Hudak*, No. 02CR853, 2003 WL 22170606, at *5 (S.D.N.Y. Sept.19, 2003); *United States v. Schmidt*, No. 5:02CR0227, 2003 WL 22225583, at *2-3 (N.D.N.Y. Aug.13, 2003)).

In light of this, the Court concludes that Defendant Davis cannot rely on Mr. Moffatt's failure to file a motion to suppress as a "fair and just reason" for withdrawing his plea. The circumstances discussed in *Sanders* are present in this case, namely, (1) the motion to withdraw the guilty plea was more than 75 days earlier and (2) Defendant Davis has not asserted actual innocence. Defendant Davis has not identified to the Court binding precedent

15

contrary to *Sanders*. Additionally, as previously discussed, Defendant Davis has not met his burden in showing that Mr. Moffatt's representation fell below an objective standard of reasonableness. Thus, the Court is unpersuaded by Defendant Davis' argument that he has presented a "fair and just reason for requesting the withdrawal."

## IV. CONCLUSION

For the reasons stated herein, defendant's Motion to Withdraw Guilty Plea [Doc. 20] is hereby **DENIED**. This matter is hereby **SCHEDULED** for sentencing on **Friday, October 23, 2009, at 2:00 p.m.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE